## 19165

The STATE, Respondent, v. Willie Herman PETERS, Appellant

(179 S. E. (2d) 19)

*Messrs. H. F. Partee, William T. Toal,* and *Grover S. Parnell,* of Greenville, *for Appellant,*

*C. Victor Pyle, Esq., Solicitor,* of Greenville, *for Respondent,*

February 4, 1971.

BUSSEY, Justice.

The appellant Peters, represented by a Public Defender, was convicted of armed robbery at a two week term of the Greenville County Court which commenced May 25, 1970. The appeal is from an order denying a motion for a new trial and arises out of Peters' desire, and unsuccessful effort, to obtain the services of John Bolt Culbertson, Esq. of the Greenville Bar to represent him upon the trial. On June 20, 1970, the trial judge, in connection with the motion for a new trial, took certain testimony concerning Peters' efforts to obtain private counsel, which is incorporated in the appeal record.

The warrant for Peters' arrest was issued in June 1969, but he apparently was not apprehended until November 1969, at which time he was incarcerated in jail; he was indicted by the Grand Jury at the January 1970 term of court. At the February term the State was ready for trial but did not actually call the case for trial, at least inferentially because Peters had not yet obtained counsel.

On March 30, 1970, Peters was brought before Judge Price at which time an informal hearing was held relative to the retention or appointment of counsel for Peters. Peters indicated that he wished retained counsel and stated that his mother had visited him just two days before and said that she could help him therewith. Judge Price then appointed a Public Defender to represent Peters, but with the pro-

vision that if Peters did retain private counsel prior to trial such counsel would of course be recognized, but Peters was warned that securing retained counsel "will not be used as a basis for a delay or continuance." He was also reminded that the next term of court commenced on Monday, April 6.

It appears that Peters first talked with Mr. Culbertson about representation during the February term and that he some time later wrote Mr. Culbertson a follow-up letter, which was received. He complained that he didn't get all of his letters out of the jail, but was not specific as to how many letters, or to just whom he had written any letter which may not have been delivered.

The State, for some reason, did not see fit to call the case for trial at the April term of court but did set it for trial at 2:30 P.M. on the opening day of court, May 25th. Peters' mother did contact Mr. Culbertson in his behalf. Precisely when she first did so is not at all clear from the record, but it is clear that she was in contact with him on Monday morning, May 25th, the day of the trial. At that time no financial arrangements had been made with Mr. Culbertson; Peters' mother then was advised, or had already been advised, what his fee would be; she had no money and no prospects of getting any, except that she thought she and another member of the family could borrow it through a credit union at their place of employment on the following Friday; Mr. Culbertson would have been unable to represent Peters at a trial either that week or the following week even if the stated fee had been paid, but would have made a motion for a continuance to September or October, and upon failure of such being granted, would have returned any fee paid on behalf of Peters.

No arrangement having been made for a fee for Mr. Culbertson, he did not appear in court, but, based on Mrs. Peters' effort to obtain the services of Mr. Culbertson, the Public Defender moved for a continuance, which motion was denied. The case then proceeded to trial with Peters

being represented by the Public Defender, who still represents him on this appeal. Although Peters at every opportunity expressed a desire to retain counsel of his own choice, he has not yet asserted any dissatisfaction with the Public Defender who represented him or contended that the representation was inadequate in any particular. There was no request or suggestion by Peters that he be allowed to conduct his own defense.

Peters now asserts that the trial judge abused his discretion in failing to grant his motion for continuance under the factual circumstances related above. He concedes that his motion for continuance was addressed to the sound discretion of the trial judge and that his action in denying the same is not to be disturbed in the absence of an abuse of discretion amounting to an error of law. See cases collected in West's South Carolina Digest, Criminal Law, 586. He cites and relies upon *United States ex rel. Carey v. Rundle* (3d Cir.) 409 F. (2d) 1210, for the following proposition:

"Due process demands that defendant be afforded a fair opportunity to obtain the assistance of counsel of his choice to prepare and conduct his defense."

We do not disagree with this proposition, but under the factual situation here, conclude that Peters was afforded a fair opportunity to obtain the assistance of counsel of his choice. The *Carey* case affords no comfort or support to Peters. In that case a fee had actually been paid to retained counsel who appeared in court and made the motion for a continuance. The trial court granted the continuance to the following Monday, but when it appeared that retained counsel could not then be present, the trial was proceeded with without further delay. Such action of the trial court was approved by the Third Circuit Court of Appeals in a *habeas corpus* proceeding. In the instant case Peters had much more time and opportunity to retain counsel than did Carey, and not only was no fee paid counsel in the in-

stant case, but there was no real or concrete showing that one ever would have been paid even had the court continued the case until the following September or October. We are not convinced that there was any abuse of discretion on the part of the trial judge in denying the motion for a continuance.

Lastly, Peters complains that the court at no time suggested to him that he might proceed without counsel. It has been held that "the Constitutional right to assistance of counsel carries with it the 'correlative right to dispense with a lawyer's help'." *Allison v. United States* (7th Cir.) 358 F. (2d) 60. The Constitution does not force a lawyer upon a defendant over his objection *Adams v. United States,* 317 U. S. 269, 63 S. Ct. 236, 87 L. Ed. 268. Even though a defendant has the right to waive his constitutional right to counsel; may dispense with such if so minded, and proceed with his own defense, we are aware of no decision holding that it is the duty of the trial court to so advise a defendant. We are unwilling to so hold, at least in the absence of a clear showing of prejudice. In the instant case Peters does not even attempt to show wherein he was prejudiced.

The appeal is without merit and the judgment below is accordingly

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, J.J., concur.